Chamba-Alvarez v. Garland

BIA
Poczter, IJ
A209 791 937

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

EDINSON FABIAN CHAMBA-ALVAREZ,
> *Petitioner*,

v.                                                          **21-6072**
                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**     Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Rosanne M. Perry, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Petitioner Edinson Fabian Chamba-Alvarez, a native and citizen of Ecuador, seeks review of a January 28, 2021 decision of the BIA affirming an October 18, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Edinson Fabian Chamba-Alvarez*, No. A 209 791 937 (B.I.A. Jan. 28, 2021), *aff'g* No. A 209 791 937 (Immigr. Ct. N.Y.C. Oct. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo, *see Paloka v. Holder*, 762 F.3d

2

191, 195 (2d Cir. 2014), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Chamba-Alvarez alleged that members of the CREO political party attacked him and demanded money because he refused to leave the Alianza Pais party, which was the ruling party in Ecuador both during and after the attacks. The agency did not err in concluding that Chamba-Alvarez failed to establish that the Ecuadorian government would not protect him if he returned to Ecuador.

To obtain asylum or withholding of removal, Chamba-Alvarez had to establish past persecution or a well-founded fear of future persecution on account of a protected ground[1] and that the harm suffered was "by the government of the country to which [he] is returnable, or at the hands of an organization or person from which the government cannot or will not protect [him]." *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008) (quotation marks omitted); *see also* 8 U.S.C.

---

[1] The protected ground must be "one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). Although this element is not material to the issues before us, we note that, contrary to Chamba-Alvarez's position, we have deferred to the BIA's conclusion that the "one central reason" standard for asylum also applies to withholding of removal. *See Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022).

§ 1158(b)(1)(B)(i). When private actors, such as CREO party members, are alleged to be the source of persecution, the applicant must show that the government is "unable or unwilling to control" the alleged persecutors. *Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021) ("Members of a political party are not the government; for mistreatment inflicted by party members to amount to persecution, an applicant must show that the government was unwilling or unable to control the attackers.").

Chamba-Alvarez testified that CREO party members threatened him with death, beat him (once at gunpoint and in his home), and demanded money because he supported Alianza Pais and refused to support CREO. He confirmed that Alianza Pais was the largest party in Ecuador, that it was the party in power when he was attacked and at the time of his hearing, and that the police were part of the government. He testified that he did not go to the police because he did not have sufficient evidence, such as the names of the people who attacked him, but also that he believed that some police officers were CREO members and would retaliate against him. He did not know of any Alianza Pais members who had sought help from the police and did not receive it. The 2017 State Department report cites "corruption and progovernment bias on the part of judges that affect[s]

4

the right to fair public trial" and "official corruption at high levels of government," but does not otherwise support Chamba-Alvarez's assertion that CREO has infiltrated the police force and would use the police to retaliate against Alianza Pais members. CAR at 200. On this record, the agency did not err in concluding that Chamba-Alvarez failed to establish that Ecuadorian authorities were, or would be, unable or unwilling to protect him. *Singh*, 11 F.4th at 116–17 ("General country-conditions evidence does not on its own compel the conclusion that an individual will be persecuted.").

Similarly, the agency did not err in concluding that Chamba-Alvarez failed to establish that he would "more likely than not" be tortured by or with the acquiescence of Ecuadorian authorities. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007); *see also* 8 C.F.R. § 1208.18(a)(7). A CAT applicant must present "particularized evidence" that "someone in his particular alleged circumstances" would be subject to torture; general country conditions are not sufficient. *Mu Xiang Lin v. Dep't of Just.*, 432

5

F.3d 156, 158, 160 (2d Cir. 2005) (quotation marks and emphasis omitted).

Although Chamba-Alvarez asserted that government corruption is rampant, he did not present evidence that the government (*i.e.*, a member of the ruling party) would acquiesce to the torture of someone in his circumstances.   *See id*.

   For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court

6